UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LONNIE SYKES | CIVIL ACTION |
| VERSUS | NO. 20-1158 |
| BLUEGREEN VACATIONS UNLIMITED INC., *ET AL.* | SECTION M (3) |

### ORDER & REASONS

On April 16, 2020, defendant Bluegreen Vacations Unlimited, Inc. ("BVI") filed a motion to dismiss under Rules 12(b)(2), 12(b)(3), 12(b)(6), and 12(b)(7) of the Federal Rules of Civil Procedure for lack of personal jurisdiction, improper venue, failure to state a claim, and failure to join a party under Rule 19, or alternatively, to transfer venue under 28 U.S.C. § 1404(a) or § 1406(a).[1]  The motion was set for submission on May 7, 2020.[2]  Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion must be filed no later than eight days before the noticed submission date, which in this case was April 29, 2020.  Plaintiff Lonnie Sykes, who is represented by counsel, has not filed a memorandum in opposition to BVI's motion.

Accordingly, because the motion to dismiss is unopposed, and it appearing to the Court that the motion has merit,[3]

---

[1] R. Doc. 5.

[2] R. Doc. 5-4.

[3] Sykes alleges that, on January 2, 2019, he was injured in a slip-and-fall accident at a BVI vacation rental property in Gatlinburg, Tennessee.  R. Doc. 1-2 at 4.  On December 30, 2019, he filed this personal injury action in the Civil District Court for the Parish of Orleans, State of Louisiana.  *Id.*  BVI removed the action to this Court alleging diversity subject-matter jurisdiction, and stating that it is incorporated, and maintains its principal place of business, in Florida.  R. Doc. 1 at 5.  BVI also stated that Sykes filed an identical action in Tennessee for the same accident and that action remains pending in the United States District Court for the Eastern District of Tennessee.  *Id.* at 4.

Federal Rule of Civil Procedure 12(b)(2) confers a right to dismissal of claims against a defendant where personal jurisdiction is lacking.  Personal jurisdiction is "an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (internal quotation marks omitted).  A federal court may exercise personal jurisdiction over a non-resident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over the defendant, and (2) the exercise of personal jurisdiction comports with due process under the United States Constitution. *Electrosource,*

IT IS ORDERED that BVI's motion to dismiss for lack of personal jurisdiction is GRANTED as unopposed, and Sykes's claims against BVI are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 30th day of April, 2020.

                                            BARRY W. ASHE
                                            UNITED STATES DISTRICT JUDGE

---

*Inc. v. Horizon Battery Techs., Ltd*., 176 F.3d 867, 871 (5th Cir. 1999). Louisiana's "long-arm statute authorizes the exercise of personal jurisdiction to the limits of due process." *Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo*., 615 F.3d 364, 365 (5th Cir. 2010). Hence, "the Court need only consider whether the exercise of jurisdiction in this case satisfies federal due process requirements." *Embry v. Hibbard Inshore, LLC*, 2019 WL 2744483, at *2 (E.D. La. July 1, 2019) (citing *Dickson Mar. Inc. v. Panalpina, Inc*., 179 F.3d 331, 336 (5th Cir. 1999)).

    An individual's liberty interest is protected by federal due process through the requirement that individuals have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 218 (1977) (Stevens, J., concurring)). For purposes of personal jurisdiction, the due-process inquiry determines whether the defendant has purposefully availed itself of the benefits and protections of the forum state through "minimum contacts" with the forum, and whether the exercise of jurisdiction over the defendant "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

    Personal jurisdiction may be general or specific. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). For a court to exercise general jurisdiction, the defendant's contacts with the forum must be "so continuous and systematic" as to render the defendant "at home" in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (place of incorporation and principal place of business are paradigm bases for general jurisdiction over a corporation) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). To exercise specific jurisdiction, a court must determine:

> (1) whether the defendant has minimum contacts with the forum state, *i.e.*, whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Seiferth*, 472 F.3d at 271 (quoting *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002)).

    Here, there appears to be no basis upon which to exercise either general or specific personal jurisdiction over BVI in Louisiana. Louisiana is not the state of BVI's incorporation or its principal place of business; BVI submits that it is not otherwise "at home" in Louisiana; and the accident at issue is alleged to have occurred in Tennessee. Rather, the only alleged contact with Louisiana is that Sykes happens to live here. The plaintiff's contacts with the forum state, by themselves, cannot supply the constitutional nexus required to exercise personal jurisdiction over a defendant there.